UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JORDON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:15-cv-00135-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Commissioner | ) | **ORDER** |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiff, Mr. Jordon Brown, brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security, who denied his application for disability insurance benefits.  Consistent with the Court's practice and pursuant to 28 U.S.C. § 636(b)(1), this matter was referred to United States Magistrate Judge Hanly A. Ingram for the issuance of a report and recommendation containing proposed findings and recommendations. [R. 13.]

On April 28, 2016, Magistrate Judge Ingram filed an order pointing out various deficiencies in the Plaintiff's motion for summary judgment.  [R. 14; *see also* R. 11.]  Judge Ingram ordered the Plaintiff to file a revised motion that complies with the Court's Standing Scheduling Order for social security appeals.  [R. 14 at 2.]  When the Plaintiff failed to file a revised motion in compliance with the order, Judge Ingram filed an additional show cause order. [R. 15.]  This time, counsel for Plaintiff Brown filed a response to the order as well as a revised motion for summary judgment.  [*See* R. 16; R. 17.]  Judge Ingram then issued his Recommended Disposition.  [R. 19.]

In the Recommended Disposition, Judge Ingram summarizes the Plaintiff's case and ultimately recommends his claims be denied. [*Id.*]  First, Judge Ingram recommends Mr. Brown's motion for summary judgment be denied because even the revised version fails to fully comply with the Court's Standard Scheduling Order.  The revised memorandum is the appropriate length [*compare* R. 11 (twenty-seven pages, in violation of the Standard Scheduling Order) *with* R.17 (fifteen pages without the signature line, in compliance with the Standard Scheduling Order)].  However, it still contains "no citations to the administrative record, despite the fact that three full pages are devoted to summarizing Plaintiff's medical records." [R. 19 at 7; *see also* R. 17.]  Moreover, Judge Ingram's Recommended Disposition explains that Mr. Brown is not entitled to relief notwithstanding procedural errors.  He notes the summary judgment motion fails on the merits because Mr. Brown does not explain how or why the ALJ's conclusion at step three of the analysis was not supported by substantial evidence.  [R. 19 at 8.]

Consequently, Judge Ingram recommends granting the Commissioner's motion for summary judgment, because the ALJ points to substantial evidence in the record and reasonably explains why the Plaintiff's testimony was not wholly reliable. [*Id.* at 9-10.] The Commissioner points to evidence in the record that substantiates the ALJ's decision and, as no party presents a coherent argument as to how or why the ALJ erred in weighing various sources of medical evidence, Judge Ingram could not conclude the ALJ's decision was improper. [*Id.*]

Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days from the filing of the Recommended Disposition to file objections.  28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections

are made.  *Id.*  When no objections are made, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Neither party filed objections to Judge Ingram's Recommended Disposition within the appropriate time period.  Nevertheless, the Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Magistrate Judge's Recommended Disposition [R. 19] is **ADOPTED** as and for the opinion of the Court;

2.  The Plaintiff's revised Motion for Summary Judgment [R. 17] is **DENIED**, and his initial Motion [R. 11] is also **DENIED**, as moot;

3.  The Defendant's Motion for Summary Judgment [R. 12] is **GRANTED**; and

4.  Judgment in favor of the Defendant will be entered contemporaneously herewith.

This the 1st day of July, 2016.

Gregory F. Van Tatenhove
United States District Judge

3